# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE GERVASIO and JOSEPH GERVASIO, | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-CV-2430 |
| v. | (JUDGE CAPUTO) |
| CHELSEA POCONO FINANCE, LLC, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the plaintiffs' amended complaint, which insufficiently alleges the diversity of the parties. (Doc. No. 1.) Because the amended complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed unless the plaintiffs timely amend.

## **I. Background**

Plaintiffs Annette and Joseph Gervasio, a married couple, filed their complaint against defendants and invoked the court's jurisdiction on the basis of diversity of citizenship. The complaint failed to properly plead the existence of subject matter jurisdiction, and the plaintiffs were directed to file an amended complaint. The amended complaint describes defendant Simon Property Group, Inc. as a corporation incorporated in Delaware "with a principal place of business" and defendant Stride Rite Children's Group, Inc. as a Massachusetts corporation "with a principal place of business in Kansas."

**II. Discussion**

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto." *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Federal courts have an obligation to address concerns over subject matter jurisdiction *sua sponte*. *Id.*

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." The burden of establishing diversity jurisdiction lies with the party asserting it. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010) (internal citations omitted). When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978). Natural persons as well as corporations may be citizens of a state under the diversity jurisdiction statute.

A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As the statutory language suggests, a corporation may only have *one* principal place of business, and proper

2

invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "*its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business").

Properly alleging diversity jurisdiction does not require extended allegations. Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

Here, the complaint fails to properly plead the existence of subject matter jurisdiction as to (1) Simon Property Group, Inc. and (2) Stride Rite Children's Group, Inc. because the complaint fails to allege where each has "*its* principal place of business" (emphasis added) in accordance with § 1332. Although the complaint alleges a state where each corporation has "*a* (emphasis added) principal place of business," this is not the same as a proper allegation of where each corporation maintains "*its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"); *Lincoln Nat. Life Ins. Co. v. Balyasnaya J. Life Ins. Trust*, No. 08-6315, 2009 WL 198240, at *1 (D.N.J. Jan. 23, 2009) (dismissing complaint for lack of jurisdiction where plaintiff only alleged where it

maintained "a" principal place of business).

Federal courts should permit amendment of a complaint when a defective jurisdictional allegation may be remedied. *See, e.g.*, *Kiser v. General Elec. Corp.*, 831 F.2d 423, 427 (3d Cir. 1987); 28 U.S.C. § 1653. Thus, the plaintiffs will be given the opportunity to amend their complaint and properly invoke diversity jurisdiction.

### III. Conclusion

The complaint fails to show the existence of subject matter jurisdiction. The plaintiffs are directed to file a second amended complaint within twenty-one days sufficiently alleging jurisdiction. The plaintiffs are further advised that failure to respond in the manner explained above will result in the dismissal of the action. An appropriate order follows.


December 9, 2010 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE GERVASIO and JOSEPH GERVASIO, | NO. 3:10-CV-2430 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| CHELSEA POCONO FINANCE, LLC, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 9th day of December, 2010, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, the plaintiffs may file a second amended complaint.

2) The plaintiffs' failure to file a second amended complaint will result in dismissal of this action.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge